Joel Brian HOLLOWAY *v.* STATE of Arkansas

CR 04-555                                          205 S.W.3d 797

Supreme Court of Arkansas
Opinion delivered March 25, 2005

*Rees Law Firm, P.A.*, by: *Brenna J. Ryan*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Joel Holloway was convicted of capital murder and sentenced to life imprisonment without the possibility of parole for the murder of Tracy Holloway. On appeal, the appellant argues that the circuit court erred: (1) in denying his motion to suppress involuntary statements; (2) in denying his motion for new trial after receiving evidence that the verdict was the result of undue influence and juror misconduct; (3) in restricting his constitutional right to confront his accuser in the cross-examination of the State's expert; (4) in permitting the cross-examination of an expert beyond the scope of direct examination; and (5) permitting the introduction of inflammatory and prejudicial photographs. We order supplementation of the record and rebriefing.

In the present case, the appellant argues that the circuit court erred in failing to suppress his involuntary statements made to the police. At issue are statements made to Officer Wes Baxter and Officer Matt Cossey. Both statements were tape recorded and transcribed. In making his suppression argument, the appellant argues, *inter alia*, that "the transcript of the first statement undisputably demonstrates that Holloway was suffering from such an extreme mental state that he was out of touch with reality[,]" and that "[a] cursory review of the transcript quickly demonstrates the inaccuracy of the police's representations." Although the appellant repeatedly directs this court to the transcripts of the statements, he fails to include copies of the transcribed statements in the Addendum.[1] Pursuant to Ark. Sup. Ct. R. 4-2(a)(8), the appellant's Addendum shall contain "any. . . relevant documents, or exhibits essential to an understanding of the case. . . ." Without the

---

[1] We note that the State did not file a supplemental Addendum in this case. *See* Ark. Sup. Ct. R. 4-2(b)(1).

transcribed statements, upon which the appellant relies in his first point on appeal, we are unable to reach the merits of his argument. Our review of the record indicates that the appellant failed to include the transcribed statement made to Officer Baxter. Pursuant to Ark. R. App. P.–Civ. 6(e), we order the appellant to supplement the record with the transcribed statement made to Officer Baxter, as a review of the transcript is necessary for an understanding of the issue on appeal.

Further, we note that the appellant failed to include in his Addendum a copy of the transcribed statement made to Officer Cossey. Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. Rule 4-2(b)(3) provides, in part:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct.

Accordingly, we order the appellant to submit a substituted brief that contains a revised Addendum that includes the transcribed statement made to Cossey and, upon the appellant's supplementation of the record with the transcribed statement made to Baxter, we order the appellant to include in his Addendum a copy of that statement. *See, e.g., Union Pac. R. R. v. Barber,* 356 Ark. 268, 308, 149 S.W.3d 325, 351 (2004) ("This court will not consider a document which is included in the addendum and not in the record.").

The appellant further argues that the circuit court erred in failing to remove Juror Hickman for personal bias. The appellant asserts that during the course of the proceedings, it was discovered

that Juror Hickman was a friend of the victim's cousin. The State points out that in his brief, the appellant refers to matters concerning Juror Hickman and cites page 174 of his abstract, but that page contains no mention of the juror. "Reference in the argument portion of the parties' briefs to material found in the abstract and Addendum shall be followed by a reference to the page number of the abstract or Addendum at which such material may be found." Ark. Sup. Ct. R. 4-2(a)(7). Rather than correcting the erroneous citation in his reply brief, the appellant submits a reply that is virtually identical to the argument he makes in his opening brief and, again, he provides an erroneous citation. Upon rebriefing, the appellant must provide accurate citations to the abstract.

The State also points out that the appellant "has not shown where in the record that he obtained a ruling on this issue." In order to address the appellant's claim of reversible error on this point, we must be apprised of the circuit court's ruling. Upon filing his substituted brief, the appellant must inform this court of the circuit court's ruling on this issue. Further, the appellant must provide an accurate citation to the page in the abstract where the ruling may be found.

We further note that there is abstracted testimony from a colloquy between Juror Hickman and the circuit court that includes a reference to a conversation between the juror and the court on the first day of voir dire. Apparently, during voir dire, Juror Hickman informed the court that she knew the victim's cousin. It is unclear whether counsel was present during that conversation between the juror and the court because the colloquy is not abstracted. Upon rebriefing, the appellant must abstract the colloquy between the court and Juror Hickman that took place on the first day of voir dire.

The appellant further argues that the circuit court improperly restricted his constitutional right to confront his accusers by limiting his right to cross-examine the State's expert. Holloway's entire argument on this issue is as follows:

> Holloway's confrontation rights were prejudiced when the State's key witness who performed the decedent's autopsy, forensic pathologist Dr. Charles Kokes, testified about Holloway's being affected by methamphetamine at the time of the shooting; the defense objected vigorously to Kokes's testimony repeatedly throughout. (AB. 196-217, 246-274). Kokes was neither qualified to testify about the effects of methamphetamine, nor did he ever

examine Holloway, let alone meet or interact with him. The State did not provide discovery to the defense of Kokes's status as an expert in methamphetamine or its plans to ask him to testify as such. That the trial court did not allow Holloway to cross-examine Kokes on these issues demonstrates its abuse of discretion and constitutes absolute prejudice to Holloway.

The State points out that it is unclear where the appellant made a Confrontation Clause objection below, and that his bare reference to the entirety of abstract pages covering the testimony at issue is no aid in finding one. However, rather than correcting the error in his reply brief by providing an accurate citation to the abstract where the objection and ruling may be found, appellant once again provides the same blanket citation. Upon rebriefing, the appellant must specifically articulate his allegations of error and provide citations to the abstract where his objections and the court's rulings may be found.

The appellant's final point on appeal is that the circuit court erred in permitting the introduction of inflammatory and prejudicial photographs. After stating the applicable standard of review for the admission of photographs, the appellant argues:

> The photographs at issue in the instant appeal failed to meet this basic standard. Rather than provide useful information to the trier of facts or assist in enabling the jury to understand evidence being presented, the photographs offered by the State and admitted by the trial court served no purpose of than the shamelessly inflame the prejudice and passions of the jury. [sic] The photographs depicted Bibles, one that had been shot and one with powder burns. Moreover, there was ample other evidence from which the location of the wounds could be ascertained. The photographs accomplished precisely what the prosecutors had in mind; they inflamed the prejudices and passions of the jury who was clearly offended.

After reading the appellant's argument, we are left in the dark about which photographs the appellant challenges because he fails to make reference to any particular exhibit in his argument. Moreover, the appellant fails to include copies of the photographs in his Addendum. Exhibits necessary to the determination of the issues must be included in the Addendum. *See* Ark. Sup. Ct. R. 4-2(a)(8). Upon filing the substituted brief, we order the appellant to identify, by exhibit number, which photographs he challenges. Further, we order the appellant to include copies of the challenged photographs in his Addendum.

Finally, we note that the circuit clerk failed to consecutively paginate the record. The first seven volumes of the record are paginated consecutively. The last page of Volume 7 is numbered page 2113. Then, it appears that the clerk began paginating anew inVolume 8, which begins on page 7. Due to the clerk's error, it is difficult to ascertain where abstracted testimony is located in the record. Upon rebriefing, we order the appellant to include in his abstract references to both the volume number and page number of the record.

In sum, we order that the appellant: (1) supplement the record with the transcribed statement made to Officer Baxter; (2) include copies of the transcribed statements made to Officer Baxter and Officer Cossey in his Addendum; (3) provide accurate citations to the abstract in his argument regarding Juror Hickman; (4) inform this court of the ruling made by the circuit court on the Hickman issue and provide a citation to the abstract where that ruling may be found; (5) abstract the colloquy between Hickman and the circuit court that took place on the first day of voir dire; (6) provide a citation to the abstract where he made a Confrontation Clause objection; (7) provide a citation to the abstract where the court's ruling on the Confrontation Clause issue may be found; (8) identify, by exhibit number, the photographs he challenges; (9) include copies of the photographs in the Addendum; and (10) include in his abstract references to the volume number and page number of the record.

The appellant is directed to supplement the record and file his substituted brief within fifteen days from the date of entry of this order. After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon the State's brief that was previously filed in this appeal. We emphasize that the deficiencies delineated here are merely some examples and are not necessarily exhaustive of the deficiencies in the record, brief, abstract, and Addendum. Should this court subsequently find deficiencies that would prevent us from conducting a meaningful review, we reserve the right to order the appellant to correct those deficiencies.

Supplementation of the record and rebriefing ordered.